IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | |
| MARY MILLER BUCKELEW | ) | |

PLEA AGREEMENT

The United States of America and defendant MARY MILLER BUCKELEW hereby acknowledge the following plea agreement in this case:

PLEA

The defendant agrees to plead guilty to Count One of the Information filed in the above numbered and captioned matter. In exchange, the United States Attorney, acting on behalf of the United States and through the undersigned Assistant United States Attorney, agrees to recommend the disposition specified below.

TERMS OF THE AGREEMENT

I. **MAXIMUM PUNISHMENT**:

The Parties understand that the maximum statutory punishment that may be imposed for the crime of obstruction of an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(2), as charged in Count One, is:

  a. Imprisonment for not more than 20 years;

  b. A fine of not more than $250,000, or,

  c. Both (a and b);

  d. Supervised release of not more than 3 years; and

   e. Special Assessment Fee of $100 per count.

## II.   FACTUAL BASIS FOR PLEA:

The United States is prepared to prove the following facts at the trial of this case:

Defendant MARY MILLER BUCKELEW was elected to the Jefferson County, Alabama, Commission in November 1990 and served on the Commission until November 2006. From late 2002 until November 2006, the Defendant served on the committee tasked with overseeing Jefferson County's finances.

In or about 1996, the Jefferson County Commission entered into a consent decree and agreed to renovate the County's sewer system. To fund the improvements and other County functions, the County Commission participated in numerous bond offerings and entered into numerous swap agreements totaling billions of dollars. Specifically, between March 2003 and December 2004, the County Commission approved five bond offerings and four swap agreements involving billions of dollars.

As a County Commissioner and member of the finance committee of the County Commission, Defendant Buckelew participated in the approval of these transactions. Defendant Buckelew, other Jefferson County Commissioners, certain unelected Jefferson County officials, financial advisors to Jefferson County, and an Investment Banker from Montgomery, Alabama, ("the Investment Banker") traveled to New York City on several occasions, including in December 2003 and November 2004, to discuss bond transactions with banks and other firms. The Investment Banker participated in Jefferson County bond and swap transactions and, as a result, his firm received millions of dollars in fees.

On or about December 11, 2003, during one of these New York trips related to the bond transactions, Defendant Buckelew found shoes and a purse she admired at Salvatore Ferragamo, an upscale boutique located on Fifth Avenue in New York

City. The Investment Banker bought these items (totaling approximately $1500.00) for Defendant Buckelew and had them mailed to Defendant Buckelew's office at the Jefferson County Courthouse. Similarly, on or about November 7, 2004, on another bond-related trip to New York City, the Investment Banker bought approximately $1,119.00 worth of items that Defendant Buckelew had found in the Salvatore Ferragamo store and had them mailed to her office at the Jefferson County Courthouse. Also, on that November 2004 trip, the Investment Banker paid approximately $1400.00 for a spa treatment for Defendant Buckelew.

On August 11, 2008, Defendant Buckelew testified before the Federal Special Grand Jury in the Northern District of Alabama. When questioned specifically about items purchased for her by the Investment Banker, Defendant Buckelew attempted to obstruct, influence, and impede the Special Grand Jury's investigation of the bond transactions by denying that the Investment Banker had purchased items or services for her. Defendant Buckelew later admitted that the Investment Banker had in fact bought her items from Salvatore Ferragamo and a spa treatment, and that her previous testimony was untruthful. Defendant Buckelew, at least by the time of the second trip to New York in November 2004, when the Investment Banker once again offered to and did buy her items of value, understood that the Investment Banker was attempting to influence her actions as a Commissioner.

**The defendant hereby stipulates that the facts as stated above are substantially correct.**

*Mary Miller Buckelew*

**MARY MILLER BUCKELEW**

III. **COOPERATION BY DEFENDANT:**

The defendant agrees to provide **TRUTHFUL AND COMPLETE INFORMATION** to the government concerning any/all aspects of the charged crimes, including, but not limited to, role/participation in the offenses, as well as the roles taken by and the extent of participation of all other persons involved in these crimes of whom the defendant has personal knowledge. The defendant agrees to testify against all of these individuals at any time requested by the United States, including, at any Grand Jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, trial, retrial, or post-trial hearing. **ALL SUCH INFORMATION AND TESTIMONY SHALL BE TRUTHFUL AND HONEST AND WITH NO KNOWING MATERIAL FALSE STATEMENTS OR OMISSIONS.**

Further, the defendant agrees to provide assistance and cooperation to the United States as defined and directed by the Federal Bureau of Investigation or any other investigative agency or body as the United States Attorney for the Northern District of Alabama may authorize, which cooperation may include the defendant's periodic submission to a polygraph examination to determine the truthfulness and accuracy of statements and information.

IV. **MOTION PURSUANT TO USSG § 5K1.1 AND/OR 18 U.S.C. § 3553(e):**

In the event the defendant provides assistance that rises to the level of "substantial assistance," as that term is used in USSG § 5K1.1, the United States agrees to file a motion requesting a downward departure in the defendant's sentence. Should any of the counts of conviction subject the defendant to a mandatory minimum sentence, the United States may also seek a sentence reduction below said mandatory minimum sentence, by including in its motion a recommendation pursuant to the provisions of 18 U.S.C. § 3553(e). The parties

agree that the determination of whether defendant's conduct rises to the level of "substantial assistance" and/or whether defendant's conduct merits consideration under 18 U.S.C. § 3553(e) lies solely in the discretion of the United States Attorney's Office. Furthermore, the parties agree that the decision as to the degree or extent of the downward departure requested, if any, also lies in the sole discretion of the United States.

Should the government move to reduce the defendant's sentence, a motion will be filed prior to the defendant's sentencing hearing and will outline all material assistance which the defendant has provided. The parties clearly understand and acknowledge that because the defendant's plea is being offered in accordance with Rule 11(c)(1)(B), Fed.R.Crim.P., the Court will not be bound by the government's recommendation and may choose not to reduce the sentence at all.

V.  **RECOMMENDED SENTENCE**:

Pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government, **in the absence of "substantial assistance" by the defendant**, will recommend the following disposition:

(a) That the defendant be awarded an appropriate reduction in the offense level for acceptance of responsibility;

(b) That the defendant be sentenced at the low end of the advisory guideline range calculated by the Court during the sentencing hearing;

(c) That following any term of imprisonment, the defendant be placed on supervised release for a period of 3 years, subject to the standard conditions of supervised release as set forth in USSG § 5D1.3, and to the following special condition(s):

(d) That the defendant be required to pay an appropriate fine within the advisory guideline fine range calculated by the Court during the sentencing hearing, said amount due and owing as of the date sentence is pronounced;

(e) That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## VI. <u>WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF</u>:

In consideration of the recommended disposition of this case, I, **MARY MILLER BUCKELEW**, hereby waive and give up my right to appeal my conviction in this case, as well as any fines, restitution, and/or sentence the court might impose upon me. Further I waive and give up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, subject to the following limitations:

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

(a) Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

(b) Any sentence that constitutes an upward departure from the advisory guideline sentencing range calculated by the court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, she discussed the Federal Sentencing Guidelines and their application to her case with her attorney, who explained them to her satisfaction. The defendant

further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, MARY MILLER BUCKELEW, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

*/s/ Mary Miller Buckelew*
MARY MILLER BUCKELEW

## VII. UNITED STATES SENTENCING GUIDELINES:

Counsel has explained to the defendant, that in light of the United States Supreme Court's recent decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VIII. AGREEMENT NOT BINDING ON COURT:

The Parties fully and completely understand and agree that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT**, and that the Court need not accept the government's recommendation. --Further, the defendant understands that if the Court does not accept the government's recommendation, she does not have the right to withdraw her plea.

IX. **VOIDING OF AGREEMENT:**

The defendant understands that should she (a) violate any federal, state, or local law after entering into this Plea Agreement, (b) move the Court to accept plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or (c) tender a plea of *nolo contendere* to the charges, the agreement will become NULL and VOID, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained therein.

X. **OTHER DISTRICTS AND JURISDICTIONS:**

The parties understand and agree that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

XI. **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS:**

Unless otherwise specified herein, the parties understand and acknowledge that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

XII. **DEFENDANT'S UNDERSTANDING:**

I have read and understand the provisions of this agreement consisting of 14 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to

plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence.  I agree to enter my plea as indicated above on the terms and conditions set forth herein.

> **NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated hereafter: N/A.

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate I have read and approve all of the previous paragraphs of this Agreement, and understand all of the provisions of this Agreement, both individually and as a total binding agreement.

9-17-08
DATE

Mary Miller Buckelew
MARY MILLER BUCKELEW
Defendant

## XIII. COUNSEL'S ACKNOWLEDGMENT:

I have discussed this case with my client in detail and have advised her of her rights and all possible defenses.  My client has conveyed to me that she

understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are reasonable under the facts of this case. I concur with the terms and conditions set forth herein.

9/17/08
DATE

ANTHONY JOSEPH, ESQ.
Defendant's Counsel

## XIV. GOVERNMENT'S ACKNOWLEDGMENT:

I have reviewed this matter and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

ALICE H. MARTIN
United States Attorney

9/23/08
DATE

GEORGE A. MARTIN, JR.
Assistant United States Attorney