# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| vs. * | **2:08-CR-0357-IPJ-HGD** |
| * | |
| **MARY MILLER BUCKELEW** * | |

## UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by and through Joyce White Vance, United States Attorney for the Northern District of Alabama, and respectfully requests that the defendant, Mary Miller Buckelew, be sentenced to six months in prison for attempting to obstruct justice by lying to the Grand Jury about accepting items of value (expensive shoes and spa treatments) from investment banker William Blount while serving as a Jefferson County Commissioner.

## THE DEFENDANT'S CONDUCT

The defendant served as a Jefferson County Commissioner for many years and, as she admitted, was well aware of the ethics laws prohibiting the use of her public office for personal gain. From November 2002 until November 2006, the

Defendant served on the Finance Committee of the Jefferson County Commission, the three member committee tasked with overseeing Jefferson County's finances. Commission President Larry Langford and Commissioner Gary White were also on that committee.

In or about 1996, the Jefferson County Commission entered into a consent decree and agreed to renovate the County's sewer system. To fund the improvements and other County functions, the County participated in numerous bond offerings and entered into numerous swap agreements involving billions of dollars. As a County Commissioner and member of the finance committee, the defendant participated in the approval of these financial transactions.

The defendant, Commissioner Larry Langford, certain unelected Jefferson County officials, financial advisors to Jefferson County, and William Blount, an owner of the Montgomery, Alabama, investment banking firm Blount Parrish, traveled to New York City on several occasions to discuss financial transactions with credit rating agencies and other firms. Blount Parrish participated in Jefferson County financial transactions and received millions of dollars in fees.[1]

---

[1] Both Larry Langford and William Blount were charged with offenses arising out of their illegal financial relationship. Blount pleaded guilty to conspiracy and bribery. Langford was recently found guilty by a jury of conspiracy, bribery, mail and wire fraud, money laundering, and tax evasion. The bribes between Blount and Langford included merchandise purchased by Blount for Langford during trips to New York.

On or about December 11, 2003, during a trip to New York City related to a financial transaction, the defendant found shoes and a purse she admired at Salvatore Ferragamo, an upscale boutique located on Fifth Avenue in New York City. Blount bought these items (totaling approximately $1500.00) for the defendant and had them mailed to her office at the Jefferson County Courthouse. The defendant accepted these gifts knowing it was illegal to do so.

Similarly, on or about November 7, 2004, during another trip to New York City related to a Jefferson County financial transaction, Blount bought approximately $1,119.00 worth of items that the defendant found in the Salvatore Ferragamo store and had them mailed to her office at the Jefferson County Courthouse. Also, during that November 2004 trip, Blount paid approximately $1,400.00 for a spa treatment at the Federic Fekkai Spa for the defendant. The defendant accepted these items of value knowing that it was illegal to do so and that Blount intended to influence her vote.

On August 11, 2008, Defendant Buckelew testified before the Federal Special Grand Jury in the Northern District of Alabama investigating the financial transactions and items of value purchased by Blount for county commissioners. Before she testified, the defendant was placed under oath and given a warning about the consequences of testifying falsely. The defendant then lied when she

3

denied receiving items of value from anyone who did business with Jefferson County.  After answering questions regarding her relationship with Blount, which she described as professional, the defendant was questioned specifically about items purchased for her by Blount during trips to New York City.  The defendant lied again and attempted to obstruct, influence, and impede the Special Grand Jury's investigation when she falsely denied receiving items of value from Blount.  When confronted with documentary evidence from Salvatore Ferragamo showing the shipment of items purchased by Blount to the defendant's county commission office, the defendant finally confessed that she accepted items purchased by Blount.  The defendant admitted that she testified falsely because she knew her acceptance of items of value from Blount was unlawful and she did not want to admit she had broken the law.

## THE GUIDELINES CALCULATIONS

The United States asserts that, under the circumstances, the advisory guideline range should be calculated based on U.S.S.G. § 2J1.2.  Under that guideline section, the base and adjusted offense level is 14.  The defendant is entitled to a two level reduction for acceptance of responsibility, resulting in a

total offense level of 12.[2]  With a criminal history category of I and an offense level of 12, the advisory guideline sentencing range is 10-16 months.

## APPLICATION OF § 3553(a) FACTORS

In determining a reasonable sentence, courts must consider the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established by the sentencing guidelines;

(5) any pertinent policy statements issued by the sentencing commission;

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

---

[2]  The defendant is only entitled to a two level reduction for acceptance of responsibility because the offense level is less than 16.  *See* U.S.S.G. § 3E1.1(b).

18 U.S.C. § 3553(a). Certain of these factors weigh heavily in favor of a sentence of imprisonment.

The nature and circumstances of the offense are gross, and the defendant's illegal conduct is serious. Not only did the defendant, an elected public official, knowingly and willfully violate her oath of office and the law by repeatedly taking items of value from Blount, she exacerbated her illegal conduct by lying to the Grand Jury and violating the other oath she took to tell the truth, the whole truth, and nothing but the truth. Such a breach of the electorate's trust deserves punishment that will be respected by the public and noticed by other elected officials and future Grand Jury witnesses.

The Court can impose probation, but it should not do so. A sentence of imprisonment will better promote respect for the law, address the seriousness of the offense, and afford deterrence. Weighing all the § 3553(a) factors, including those emphasized by the defendant, a sentence of imprisonment at the low end of the advisory guideline range would be reasonable. But the defendant cooperated.

## THE DEFENDANT'S COOPERATION

The defendant pleaded guilty and cooperated with the United States' investigation and is due a departure pursuant to U.S.S.G. § 5K1.1 based on substantial assistance. At the request of the United States, the defendant met with

prosecutors and agents in February 2009 to discuss her knowledge of the financial transactions and New York trips.  In addition, the defendant met with agents in May 2009 to review documents from the Federic Fekkai spa.  The defendant also met with prosecutors and agents in August 2009 in preparation for the trial of Larry Langford and William Blount.[3]  In sum, the defendant met with the United States whenever requested and answered questions to the best of her ability.

The defendant's cooperation was a factor in Blount's decision to plead guilty.  Although the defendant's cooperation by itself did not prompt Blount to plead guilty, it was a factor in his later decision to do so.[4]  The defendant's anticipated testimony about Blount's payment of bribes to her strengthened the government's case against Blount.  Although the government had documentary and circumstantial evidence proving that Blount paid bribes to the defendant, her statements provided details the documents did not. With direct evidence that Blount paid bribes to another county commissioner in addition to Langford, the government's case against Blount improved.

---

[3] This was prior to Blount's guilty plea and the final continuance of Langford's trial.

[4] Blount pleaded guilty 10 months after the defendant began to cooperate.  It was codefendant Albert LaPierre's guilty plea and cooperation that played the more significant role in Blount's decision.

However, the defendant's cooperation was not without problems. Her usefulness as a witness for the government was hampered by her lies to the Grand Jury.

A sentence of six months imprisonment adequately recognizes the defendant's cooperation by departing 40% below the low end of the advisory guideline range of ten months.

## CONCLUSION

Based on the totality of the defendant's cooperation and the application of the § 3553(a) factors, the United States respectfully requests that the Court depart below the advisory guideline range of 10-16 months and impose a sentence of six months imprisonment. Also, because the defendant is well-able to pay a fine, the United States requests that the defendant be ordered to pay a $30,000.00 fine, the maximum of the range provided by the advisory guidelines but an amount well below the statutory maximum.

    Respectfully submitted,

/s/ _____
GEORGE A. MARTIN, JR.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on November 10, 2009, I filed this document electronically with the United States District Court for the Northern District of Alabama using the CM/ECF system and thereby caused a copy to be served on the defendants' counsel of record.

/s/
GEORGE A. MARTIN, JR.
Assistant United States Attorney